# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRIAN D. CLAIBORNE

VERSUS

RECOVER INSURANCE COMPANY
RISK RETENTION GROUP, INC.
ET AL

**FEBRUARY 12, 2026**

In Re:    Brian D. Claiborne, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge, No.
          742950.

BEFORE:   **THERIOT, BALFOUR, AND HAGGERTY,[1] JJ.**

**WRIT GRANTED.** The district court's September 8, 2025 judgment, which granted the "Motion for Partial Summary Judgment" filed by defendant, Recover Insurance Company Risk Retention Group, Inc. ("Recover"), and dismissed all claims against it with prejudice, is reversed. Recover failed to meet its burden of establishing there were no genuine issues of material fact and it was entitled to judgment as a matter of law. The policy issued by Recover is an occurrence policy, not a claims-made policy. Under the "Liability Coverage" section of the policy's Garage Cover Form, the policy provides, "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from 'garage operations' involving the ownership, maintenance or use of covered 'autos', for dealer business purposes." According to the La Supreme Court, "The major distinction between the "occurrence" policy and the "claims made" policy constitutes the difference between the peril insured. In the "occurrence" policy, the peril insured is the "occurrence" itself. Once the "occurrence" takes place, coverage attaches even though the claim may not be made for some time thereafter. **Anderson v. Ichinose**, 98-2157 (La. 9/8/99), 760 So. 2d 302, 305. In a liability policy, the function of notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision. **State ex rel. Div. of Admin., Off. of Risk Mgmt. v. Nat'l Union Fire Ins. Co. of Louisiana**, 2010-0689 (La. App. 1st Cir. 2/11/11), 56 So.3d 1236, 1246, writ denied, 2011-0849 (La. 6/3/11), 63 So.3d 1023 (Where insurer did not submit any evidence of actual prejudice, apart from the delay, in support of its motion for summary judgment, it failed to establish a prima facie case of delayed notice resulting in actual prejudice, and its motion was appropriately denied by the trial court.) [Citations omitted]. In

---

[1] **Haggerty, J.**, serving *pro tempore*, by special appointment of the Louisiana Supreme Court.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

this case, the accident occurred on June 15, 2023, and Recover asserted its first notice occurred on August 22, 2023, violating the notice provision in its policy which required notice to it of the "accident" or "occurrence" within sixty days. We find Recover failed to establish actual prejudice from the alleged late notice, and accordingly, the "Motion for Partial Summary Judgment" filed by defendant, Recover Insurance Company Risk Retention Group, Inc. is denied.

**MRT**
**KEB**
**BDH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT